UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Clear All Fields
Save

In Re. Mark Pearsall § Case No. 26-11672
§
§
Debtor(s) §

☐ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 02/28/2026

Petition Date: 02/14/2026

Months Pending: 0

Industry Classification: 0 0 0 0

Reporting Method: Accrual Basis ○ Cash Basis ◉

Debtor's Full-Time Employees (current): 0

Debtor's Full-Time Employees (as of date of order for relief): 0

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒ Statement of cash receipts and disbursements
☐ Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐ Statement of operations (profit or loss statement)
☐ Accounts receivable aging
☐ Postpetition liabilities aging
☐ Statement of capital assets
☐ Schedule of payments to professionals
☐ Schedule of payments to insiders
☒ All bank statements and bank reconciliations for the reporting period
☐ Description of the assets sold or transferred and the terms of the sale or transfer

Signature of Responsible Party

Rebecca Schore
Printed Name of Responsible Party

08/04/2026
Date

1 Harmon Meadow Blvd., Ste 201, Secaucus, NJ 07094
Address

Click "Generate PDF" to Remove Watermark

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Debtor's Name Mark Pearsall | Save | Case No. 26-11672

| Part 1: Cash Receipts and Disbursements | | Current Month | Cumulative |
|---|---|---|---|
| a. | Cash balance beginning of month | $210 | |
| b. | Total receipts (net of transfers between accounts) | $0 | $0 |
| c. | Total disbursements (net of transfers between accounts) | $195 | $195 |
| d. | Cash balance end of month (a+b-c) | $15 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $195 | $195 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month |
|---|---|---|
| a. | Accounts receivable (total net of allowance) | $0 |
| b. | Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. | Inventory (Book ○ Market ○ Other ◉ (attach explanation)) | $0 |
| d | Total current assets | $15 |
| e. | Total assets | $993,261 |
| f. | Postpetition payables (excluding taxes) | $0 |
| g. | Postpetition payables past due (excluding taxes) | $0 |
| h. | Postpetition taxes payable | $0 |
| i. | Postpetition taxes past due | $0 |
| j. | Total postpetition debt (f+h) | $0 |
| k. | Prepetition secured debt | $278,400 |
| l. | Prepetition priority debt | $205,445 |
| m. | Prepetition unsecured debt | $708,769 |
| n. | Total liabilities (debt) (j+k+l+m) | $1,192,614 |
| o. | Ending equity/net worth (e-n) | $-199,352 |

| Part 3: Assets Sold or Transferred | | Current Month | Cumulative |
|---|---|---|---|
| a. | Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. | Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. | Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | | Current Month | Cumulative |
|---|---|---|---|
| a. | Gross income/sales (net of returns and allowances) | $0 | |
| b. | Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. | Gross profit (a-b) | $0 | |
| d. | Selling expenses | $0 | |
| e. | General and administrative expenses | $0 | |
| f. | Other expenses | $0 | |
| g. | Depreciation and/or amortization (not included in 4b) | $0 | |
| h. | Interest | $0 | |
| i. | Taxes (local, state, and federal) | $0 | |
| j. | Reorganization items | $0 | |
| k. | Profit (loss) | $0 | $0 |

Click "Generate PDF" to Remove Watermark

Debtor's Name Mark Pearsall Save Case No. 26-11672

## Part 5: Professional Fees and Expenses

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | | | | | |
| | *Itemized Breakdown by Firm* | | | | | | |
| Add | | Firm Name | Role | | | | |
| Delete | i | Scura | Lead Counsel | | | | |

| | | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy) *Aggregate Total* | | | | | | |
| | *Itemized Breakdown by Firm* | | | | | | |
| Add | | Firm Name | Role | | | | |
| Delete | i | Vestcorp LLC | Financial Professional | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | | | |

## Part 6: Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

a. Were any payments made on prepetition debt? (if yes, see Instructions) — Yes ○ No ●

b. Were any payments made outside the ordinary course of business without court approval? (if yes, see Instructions) — Yes ○ No ●

c. Were any payments made to or on behalf of insiders? — Yes ○ No ●

d. Are you current on postpetition tax return filings? — Yes ● No ○

e. Are you current on postpetition estimated tax payments? — Yes ● No ○

f. Were all trust fund taxes remitted on a current basis? — Yes ● No ○

g. Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) — Yes ○ No ●

h. Were all payments made to or on behalf of professionals approved by the court? — Yes ○ No ○ N/A ●

i. Do you have:

- Worker's compensation insurance? — Yes ○ No ●
  - If yes, are your premiums current? — Yes ○ No ○ N/A ● (if no, see Instructions)
- Casualty/property insurance? — Yes ○ No ●
  - If yes, are your premiums current? — Yes ○ No ○ N/A ● (if no, see Instructions)
- General liability insurance? — Yes ○ No ●
  - If yes, are your premiums current? — Yes ○ No ○ N/A ● (if no, see Instructions)

j. Has a plan of reorganization been filed with the court? — Yes ○ No ●

k. Has a disclosure statement been filed with the court? — Yes ○ No ●

Click "Generate PDF" to Remove Watermark

Debtor's Name Mark Pearsall Save Case No. 26-11672

l. Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? Yes (●) No ( )

**Part 8: Individual Chapter 11 Debtors (Only)**

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ( ) No (●) |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ( ) No ( ) N/A (●) |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

Click "Generate PDF"

Mark Pearsall

Signature of Responsible Party — Printed Name of Responsible Party

Debtor — 07/29/2026

to Remove Watermark

Title — Date

Save — Generate PDF for Court Filing and Remove Watermark

**TD Bank**
America's Most Convenient Bank®

E STATEMENT OF ACCOUNT

MARK E PEARSALL
PERSONAL BANKRUPTCY
39 RIVER FARM LN
FAR HILLS NJ 07931

Page: 1 of 2
Statement Period: Feb 20 2026-Feb 28 2026
Cust Ref #: [redacted]
Primary Account #: [redacted]

## Chapter 11 Checking

MARK E PEARSALL
PERSONAL BANKRUPTCY

Account # 446-4847264

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 0.00 | Average Collected Balance | 15.19 |
| Deposits | 15.19 | Interest Earned This Period | 0.00 |
| | | Interest Paid Year-to-Date | 0.00 |
| Ending Balance | 15.19 | Annual Percentage Yield Earned | 0.00% |
| | | Days in Period | 9 |

| | Total for this cycle | Total Year to Date |
|---|---|---|
| Grace Period OD/NSF Refund | $0.00 | $0.00 |

### DAILY ACCOUNT ACTIVITY

**Deposits**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 02/20 | DEPOSIT *Cash from closed Bank accounts* | 15.19 |
| | Subtotal: | 15.19 |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|
| 02/20 | 0.00 | 02/20 | 15.19 |



Bank Deposits FDIC Insured | TD Bank, N.A. | Equal Housing Lender

# How to Balance your Account



**Begin by adjusting your account register as follows:**

- Subtract any services charges shown on this statement.
- Subtract any automatic payments, transfers or other electronic withdrawals not previously recorded.
- Add any interest earned if you have an interest-bearing account.
- Add any automatic deposit or overdraft line of credit.
- Review all withdrawals shown on this statement and check them off in your account register.
- Follow instructions 2-5 to verify your ending account balance.

1. Your ending balance shown on this statement is:
2. List below the amount of deposits or credit transfers which do not appear on this statement. Total the deposits and enter on Line 2.
3. Subtotal by adding lines 1 and 2.
4. List below the total amount of withdrawals that do not appear on this statement. Total the withdrawals and enter on Line 4.
5. Subtract Line 4 from 3. This adjusted balance should equal your account balance.

| | | |
|---|---|---|
| 1 | Ending Balance | 15.19 |
| 2 | Total Deposits | + |
| 3 | Sub Total | |
| 4 | Total Withdrawals | - |
| 5 | Adjusted Balance | |

2

| DEPOSITS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Total Deposits | | 2 |

4

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| WITHDRAWALS NOT ON STATEMENT | DOLLARS | CENTS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Total Withdrawals | | 4 |

FOR CONSUMER ACCOUNTS ONLY — IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:

If you need information about an electronic fund transfer or if you believe there is an error on your bank statement or receipt relating to an electronic fund transfer, telephone the bank immediately at the phone number listed on the front of your statement or write to:

**TD Bank, N.A., Deposit Operations Dept, P.O. Box 1377, Lewiston, Maine 04243-1377**

We must hear from you no later than sixty (60) calendar days after we sent you the first statement upon which the error or problem first appeared. When contacting the Bank, please explain as clearly as you can why you believe there is an error or why more information is needed. Please include:

- Your name and account number.
- A description of the error or transaction you are unsure about.
- The dollar amount and date of the suspected error.

When making a verbal inquiry, the Bank may ask that you send us your complaint in writing within ten (10) business days after the first telephone call.

We will investigate your complaint and will correct any error promptly. If we take more than ten (10) business days to do this, we will credit your account for the amount you think is in error, so that you have the use of the money during the time it takes to complete our investigation.

INTEREST NOTICE

Total interest credited by the Bank to you this year will be reported by the Bank to the Internal Revenue Service and State tax authorities. The amount to be reported will be reported separately to you by the Bank.

FOR CONSUMER LOAN ACCOUNTS ONLY — BILLING RIGHTS SUMMARY

In case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write us at P.O. Box 1377, Lewiston, Maine 04243-1377 as soon as possible. We must hear from you no later than sixty (60) days after we sent you the FIRST bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:

- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

FINANCE CHARGES: Although the Bank uses the Daily Balance method to calculate the finance charge on your Moneyline/Overdraft Protection account (the term "ODP" or "OD" refers to Overdraft Protection), the Bank discloses the Average Daily Balance on the periodic statement as an easier method for you to calculate the finance charge. The finance charge begins to accrue on the date advances and other debits are posted to your account and will continue until the balance has been paid in full. To compute the finance charge, multiply the Average Daily Balance times the Days in Period times the Daily Periodic Rate (as listed in the Account Summary section on the front of the statement). The Average Daily Balance is calculated by adding the balance for each day of the billing cycle, then dividing the total balance by the number of Days in the Billing Cycle. The daily balance is the balance for the day after advances have been added and payments or credits have been subtracted plus or minus any other adjustments that might have occurred that day. There is no grace period during which no finance charge accrues. Finance charge adjustments are included in your total finance charge.

Pearsoll
Case # 26-11672
Receipts - Disbursements

| Date | Description | Debit / Withdrawl | Credit / Deposit | Amount | Category |
|---|---|---|---|---|---|
| 02/20/2026 | DEPOSIT - Cash from closed bank accounts | | $15.19 | $15.19 | Other Deposit |
| | **TOTAL** | **$0.00** | **$15.19** | **$15.19** | |

Notes to Monthly Operating Report

1. The values used in Part 2 are based on the Amended Schedules filed on March 20, 2026 (Docket No. 22). For the value of the Debtor's real estate at 39 River Farm Lane (the "Property"), the value listed is 50% of the $1,950,000 scheduled value of the property because the Debtor holds title to the property with his wife through a tenancy by the entireties. The Property is scheduled without a secured claim because the Debtor is not liable for the promissory note that is secured by a mortgage against the property. Northpointe Bank filed a motion for relief from the automatic stay on June 16, 2026, and asserted that the unpaid amount due on the Note was $2,016,958.25. (Docket No. 53-2).

2. On the petition date, the Debtor had bank accounts with a value of $195 that were jointly held with his non-filing spouse. After the filing, the Debtor opened a debtor-in-possession bank account and removed his name from the joint bank accounts. Accordingly, the balance of those accounts is listed as a disbursement in Part 1 of the operating report as a household expense as the non-filing spouse paid household expenses in February 2026.